RECEIVED
JAN 0 6 2017
AT 8:30_____
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRICK J. MACKEY**<br>271 George Dye Road<br>Hamilton Square, NJ 08690<br><br>Plaintiff,<br><br>v.<br><br>**NOVO NORDISK INC.**<br>800 Scudders Mill Road<br>Plainsboro, NJ 08536<br><br>Defendant. | CIVIL ACTION<br><br>No. 17-84 (BRM-DEA)<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

### I.   Jurisdiction and Venue

1.   This action is initiated pursuant to federal and state anti-discrimination laws.

2.   This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.   The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over state law claim set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because it is sufficiently related to the claim(s) within the Court's original jurisdiction that it forms part of the same case or controversy.

4. The United States District Court for the District of New Jersey also has diversity jurisdiction 28 U.S.C. § 1332 as the parties of citizens of different states and the amount in controversy is in excess of $75,000.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and © because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was working in the District of New Jersey at the time of the illegal actions set forth herein) and Defendant is subject to personal jurisdiction in the District of New Jersey.

## II. Parties

6. Plaintiff lives in the State of New Jersey with an address as encaptioned above.

7. Defendant is a healthcare company established in Denmark, and a world leader in diabetes pharmacology. Defendant maintains an office near Princeton, NJ and Plaintiff worked out of that office during his employment.

8. At all times relevant herein, Defendant acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Defendant at all times relevant herein. Defendant is therefore fully responsible for the illegal and discriminatory acts and

omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

## IV. Procedural and Administrative Requirements

9. Plaintiff's claims arise under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 *et seq.*), the New Jersey Law Against Discrimination (N.J.S.A. 10:5-12) ("NJLAD").

10. Plaintiff has exhausted the procedural and administrative requirements for proceeding under the ADEA and the NJLAD. In particular:

   a. On or about February 19, 2016, Plaintiff filed his Charge of Discrimination with the Philadelphia Office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. No. 530-2016-01823;

   b. On or about October 7, 2016, the EEOC mailed a Notice of Right to Sue to Plaintiff on the aforesaid Charge;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff fully exhausted his administrative remedies.

## V. Factual Background

11. Plaintiff's date of birth is February 20, 1961.

12. Plaintiff worked at Defendant's North American headquarters in Princeton, NJ beginning June 2007. For the first two years he was a contract worker.

13. In June 2009, Plaintiff became a full-time Financial Analyst. He received excellent yearly reviews and looked forward to working there for many years to come.

14. In January 2015, a reorganization in his department took place, allegedly due to "outsourcing" to a third party vendor.

15. A majority of his colleagues who were laid off were over 50 years of age.

16. It turned out, however, that there wasn't much of an "outsourcing", if any. Many of the older employees who were let go were simply replaced by younger employees.

17. Initially, Plaintiff was kept on to assist with the transition. As it neared completion, however, there was no need to have another older worker like Plaintiff around.

18. Plaintiff was given a bogus written warning on or about October 28, 2015, containing trumped up charges.

19. Plaintiff was also publicly (and needlessly) marginalized on emails to company leadership. And, ominously, Plaintiff was directed to detail his daily, weekly and monthly responsibilities.

20. Seeing the writing on the wall, Plaintiff sought assistance through Defendant's internal EEO process and filed a complaint.

21. Defendant assigned an "investigator", but the meetings were devoted to confronting Plaintiff, rather than to seeking out the facts impartially.

22. Instead of listening to Plaintiff's concerns with an effort to understand and then investigate them, the process resembled a hostile interrogation.

23. By January 2016, Plaintiff had been constructively discharged. He stepped down to avoid the stress and humiliation of being painfully squeezed out of the company.

24. Age discrimination is rampant at Novo Nordisk, and the directive to prune older workers comes from the highest levels of the company.

## COUNT ONE
## AGE DISCRIMINATION

25. In the manner set forth above and in violation of the ADEA and NJLAD, Defendant has engaged in knowing, purposeful and unlawful age discrimination by conditioning the terms, conditions or privileges of Plaintiff's employment on the basis of age.

26. In the manner set forth above in violation of the ADEA and NJLAD, Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's right to be free from employment discrimination based on his age.

27. As a result of the age discrimination inflicted by Defendant, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

28. As a result of the age discrimination inflicted by Defendant, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT TWO
## UNLAWFUL RETALIATION FOR OPPOSING AGE DISCRIMINATION

29. In the manner set forth above and in violation of the ADEA and NJLAD, Defendant

has engaged in knowing, purposeful and unlawful retaliation by discharging Plaintiff on account of his complaints about age-discriminatory conduct.

30. In the manner set forth above in violation of the ADEA and NJLAD, Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected right to be free from retaliation.

31. As a result of the retaliation inflicted by Defendant, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

32. As a result of the retaliation inflicted by Defendant, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden applicable federal and state law;

B. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for all Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay

increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

D. Plaintiff is to be awarded actual damages, as well as compensatory damages for the emotional distress caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the trier of fact to be appropriate to punish Defendant for its reckless indifference to our society's equal employment opportunity laws;

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees and as provided by applicable federal and state law;

**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes his request for a jury trial for all claims raised in this action.

Respectfully submitted,

*[signature]*
Patrick J. Mackey
271 George Dye Road
Hamilton Square, NJ 08690
Plaintiff <u>pro se</u>
609.658.8965

Dated:     January 5, 2017